**Billy Daniel Carter BOLANG, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–70537, A79–195–386.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 14, 2004.

Billy Daniel Carter Bolang, Everett, WA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Luis E. Perez, Esq., Office of Immigration Litigation Civil Division, Linda S. Wendtland, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

WWS–District Counsel, Immigration and Naturalization Service Office of the District Counsel, Seattle, for Respondent.

Before GOODWIN, ALARCÓN and TROTT, Circuit Judges.

MEMORANDUM **

Billy Daniel Carter Bolang, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have partial jurisdiction under 8 U.S.C. § 1252. We review the IJ's decision as the final agency decision, *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849 (9th Cir.2003), and review the IJ's factual findings under the substantial evidence standard, *Melkonian v. Ashcroft*, 320 F.3d 1061, 1065 (9th Cir.2003). We vacate and remand in part, and dismiss in part and deny in part the petition for review.

The IJ denied Bolang's asylum application on two independent grounds: (1) that the application was untimely because Bolang did not comply with the one-year filing deadline of 8 U.S.C. § 1158(a)(2)(B); and (2) that Bolang failed to establish past persecution or a well-founded fear of future persecution. We have jurisdiction to review a denial on the merits, *Falcon Carriche*, 350 F.3d at 855, but lack jurisdiction to review a finding of untimeliness, *Reyes–Reyes v. Ashcroft*, 384 F.3d 782, 786–87 (9th Cir.2004).

██ Because the BIA stated it only affirmed the results of the IJ's decision, we have no way of knowing on which ground or grounds the BIA affirmed, and in turn whether we have jurisdiction to review the BIA's decision. *See Lanza v. Ashcroft*, 389 F.3d 917, 918 (9th Cir.2004). Accordingly, we vacate the BIA's decision as to Bolang's asylum application and remand with instructions to clarify the grounds for its affirmance. *See id.* at 919.

As no such barriers prevent our review regarding the agency's denial of withholding of removal and relief under the CAT, we reach the merits and deny the petition regarding those claims. *See Reyes–Reyes*, 384 F.3d at 784.

██ Substantial evidence supports the IJ's finding that Bolang does not qualify for withholding of removal. *See Al–Harbi v. INS*, 242 F.3d 882, 888–89 (9th Cir.2001) (holding applicant must show clear probability of persecution). Bolang did not present evidence of physical harm to himself or his family, and his claims are undermined by the fact that similarly-situated family members continue to reside in Indonesia and practice their religion without substantial incident. *See Hakeem v. INS*, 273 F.3d 812, 816 (9th Cir.2001).

██ We lack jurisdiction to consider Bolang's contention that Indonesian Christians are subject to a pattern or practice of persecution because he did not exhaust the issue before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (holding exhaustion is mandatory and jurisdictional).

██ Substantial evidence also supports the IJ's finding that Bolang does not qualify for relief under the CAT because he did not demonstrate it is more likely than not

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that he would be tortured if returned to Indonesia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

VACATED and REMANDED in part; PETITION FOR REVIEW DISMISSED in part and DENIED in part.